[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO DISMISS
In her complaint dated June 8, 1994, the plaintiff, Cathryn Panciera, alleges the following facts. On June 4, 1991, the plaintiff instituted an action against two defendants, a private individual and the Attorney General of the State of Connecticut, entitled Panciera v. Sherrick, Docket No. CV 91 0316115S. Each defendant moved for summary judgment, which was granted by the court, Gray, J., on May 17, 1993 for failure to name the proper person as defendant. The clerk of the court notified the parties on May 20, 1993 by mailing them copies of the memorandum of decision. The plaintiff did not appeal.
The plaintiff institutes the present action against the defendant State of Connecticut (State) pursuant to General Statutes § 52-593 by complaint served on the State on June 9, 1994, and filed on June 16, 1994. The defendant filed an appearance on July 14, 1994, and filed the present motion to dismiss on August 11, 1994, within thirty days of entering an appearance.
The defendant moves to dismiss the plaintiff's complaint on the ground that this court lacks subject matter jurisdiction over this action because "the plaintiff failed to effectuate service of process within one year after the termination of the original action pursuant to Connecticut General Statutes Section 52-593." The plaintiff argues that the court has subject matter jurisdiction because the statute of limitations codified in General Statutes § 52-593 is procedural, not jurisdictional, in nature.
The plaintiff brought the original action pursuant to General Statutes § 52-556 which provides in pertinent part: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle . . . shall have a right of action against the state to recover damages for such injury." General Statutes § 52-556. The applicable statute of limitations provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577. The act complained of occurred on November 30, 1989. Although the plaintiff timely filed her original action, the action was terminated when a summary judgment was entered against the plaintiff by Judge Gray on May 20, 1993. CT Page 12465
The plaintiff brings the present action pursuant to General Statutes § 52-593, which provides in pertinent part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto f service of process in the new action is made within one year after the termination of the original action." General Statutes § 52-593.
"As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself, and not of the remedy alone. . . . In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction. . . . If, however, an action is barred by a statute of limitations period that does not inhere in the action itself, the remedy is not a dismissal but a judgment for the party asserting the bar." (Citations omitted.) Wilson v. Kelley, 224 Conn. 110, 123,617 A.2d 433 (1992) (interpreting General Statutes § 12-119).
The court in Wilson "read the limitation period . . . not as a jurisdictional prerequisite, but only as an ordinary statute of limitations. Accordingly, the plaintiffs' failure to bring the . . . action within the limitation period did not deprive the trial court of jurisdiction but merely barred the plaintiffs' declaratory judgment action as untimely." Wilson v. Kelley, supra, 224 Conn. 123.
In Henton v. State, the court stated "the right to bring suit against the state for an injury caused by the alleged reckless acts of a state employee is governed by General Statutes §§ 4-165
and 4-160. The applicable statute of limitations for an action alleging reckless conduct is contained in a separate statutory framework, General Statutes § 52-584. The plaintiff's causes of action based on recklessness exist independently of the applicable statute of limitations. Thus, the statute of limitations at issue does not implicate subject matter jurisdiction." Henton v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV90 0274646S (December 16, 1993, Maiocco, J.).
The Court is of the opinion that since the plaintiff's right of action codified in General Statutes § 52-556 exists CT Page 12466 independently of General Statutes § 52-593, the statute in which the limitation is found, that the statutory bar is not jurisdictional, but rather personal and procedural.
Practice Book § 164 states in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus . . . the statute of limitations . . . must be specially pleaded. . . ." Practice Book § 164.
While the court is aware that under some circumstances the court may consider a statute of limitations issue on a motion to dismiss, see Lovett v. Frankel, 5 Conn. L. Rptr. 397 (January 6, 1992, Schaller, J); McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 527-28, 590 A.2d 438 (1991), in this case the court does not consider it appropriate. The court prefers that the statute of limitations defense be raised by way of a motion that does not rest on a claim of lack of jurisdiction, as does the motion to dismiss before the court.
Accordingly, for the reasons above stated, and not on the merits, the motion to dismiss is denied.
Hadden, J.